## Wabash Railroad Company v. Ole H. Aarvig.

1. RAILROADS—*Duty of the Engineer when he Discovers Stock upon the Track.*—The law requires an engineer in charge of a locomotive, when he discovers cattle ahead of him upon the track, to do that which a reasonably careful and prudent engineer would be expected to do under the circumstances.

Trespass on the Case, for killing domestic animals. Error to the Circuit Court of Livingston County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1895. Reversed. Opinion filed June 1, 1896.

G. B. BURNETT and TORRANCE & TORRANCE, attorneys for plaintiff in error.

R. S. McILDUFF and E. A. SIMMONS, attorneys for defendant in error.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case, to recover damages for

the killing of two horses belonging to appellee, by one of appellant's trains at a highway crossing, where the same intersects appellant's railroad. The case was commenced before a justice of the peace, and appealed to the Circuit Court, where, upon a trial by jury, there was a verdict for $50. A motion for new trial being overruled, there was a judgment against appellant upon the verdict.

A reversal is insisted upon in this court, on the ground that the evidence does not support the verdict. The question involved is one of fact only. The evidence shows that on the afternoon of January 20, 1895, two boys of appellee, aged respectively ten and twelve years, were driving from the pasture to their home, three horses, five colts, and six head of cattle belonging to their father. This stock was pastured on the southwest quarter of section 29, as shown on the plat put in evidence, which pasture was two miles north, and three quarters of a mile east of appellee's home, to reach which, after leaving the pasture, the stock would go west to the intersection of the east and west highway, with the north and south highway running between sections 29 and 30, and 31 and 32, and then turning south on the said highway between said sections 31 and 32.

Appellant's railroad crosses both these highways diagonally near the four corners where they intersect each other, the east and west highway being crossed about eight rods west of the northeast corner of section 31 and the north and south highway being crossed about the same distance south of said northeast corner. As these cattle and horses were leisurely passing along this east and west highway, a few rods east of the four corners, the horses became frightened at the crossing whistle of an engine on appellant's railway going south, and ran west to the north and south highway where they turned south and ran upon the railway crossing, either directly in front of the engine, or against it, whereby one of the horses was killed and the other so badly injured that it became necessary to kill it.

The negligence charged was, first, in not ringing a bell as the statute provides; second, in neglecting to sound the

whistle at the proper place, and then sounding it so late as to directly cause the accident; third, in not keeping a proper lookout from the engine, and fourth, in not slacking the speed of the train. We think the evidence fails to establish any act of negligence on the part of the employes in charge of appellant's said train. The preponderance of the evidence is, that the usual signal for a highway crossing, that is, two long and two short blasts of the whistle, was given at the proper place. The engineer and fireman both swear that the bell was an automatic ringer, and had been ringing ever since they left Cornell, several miles north of where the horses were struck. True, some of the witnesses for appellee say they did not hear the bell ringing; that they did not notice it, or were not paying attention, and could not tell whether it was ringing or not, but we do not think the evidence overcomes the positive statements of those in the best position to know, and who swear it was in fact ringing. The train does not appear to us to have been running at a high or unusual rate of speed, nor do we see wherein the servants of appellant failed to perform any duties required of them by law. Neither the engineer nor fireman could anticipate that horses coming along the east and west highway, toward the approaching train, would start into a run and turn south in front of the engine, and until they discovered the horses were liable, from the course they took, to come into collision with the engine, no duty devolved upon the engineer to attempt to stop the train, and then it was too late. P. P. & J. R. R. Co. v. Champ, 75 Ill. 578.

The engineer says when the fireman notified him of the horses, he was three or four car lengths from the crossing; that he applied the air as quickly as he could, and released it as quickly as he could. He probably released the air, because he deemed it safer to go ahead than attempt to stop when so near the horses. All that was required of him was to do that which a reasonably careful and prudent engineer would be expected to do under similar circumstances. We do not think the evidence establishes negligence on the part of the engineer, under the conditions

surrounding him at the time. The accident, unfortunate as it was for appellee, appears to have been one of those occurrences which could not have been reasonably foreseen by appellant's servants, nor appellee's sons, and for which no one was directly responsible.

Upon the facts disclosed by the evidence, we think the verdict was unwarranted, and the judgment must be reversed.